UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>Respondent. | No.  2:14-cv-0756 TLN DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 11, 2014, counsel for respondent filed the pending motion to dismiss, arguing that the claims in petitioner's habeas petition are unexhausted. Petitioner has not filed an opposition to the motion.[1]

**BACKGROUND**

On September 8, 2009, petitioner pled no contest to a single count of inflicting corporal injury on the mother of his child and admitted to suffering a prior strike conviction under

---

[1] On January 6, 2015, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty-one days and warning petitioner that his failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Nonetheless, petitioner still has not filed an opposition to respondent's motion.  Accordingly, dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) would also be justified.

1

1   California's Three Strikes Law.  Pursuant to his plea agreement, the Yolo County Superior Court

2   sentenced petitioner to a three year term of probation, which he later violated.  On April 6, 2012,

3   the superior court held a probation revocation hearing and revoked petitioner's probation.  The

4   court then sentenced petitioner to three years in state prison, doubled to a six year term of

5   imprisonment, due to the prior strike petitioner admitted to as part of his plea agreement.  (Pet.

6   Attach., Resp't's Lodged Docs. 1 & 2.)

7        On September 4, 2013, the California Court of Appeal for the Third Appellate District

8   affirmed petitioner's judgment of conviction.  (Pet. Attach., Resp't's Lodged Doc. 3.)

9                                              **ANALYSIS**

10       In the pending motion to dismiss, counsel for respondent argues that the claims presented

11  by petitioner in the habeas petition pending before this court are unexhausted.  Specifically,

12  counsel contends that petitioner never sought review of his judgment of conviction by the

13  California Supreme Court and has not filed any petitions for writ of habeas corpus in the state

14  court system.  (Resp't's Mot. to Dismiss at 2.)

15       As noted above, petitioner has not filed any opposition to respondent's motion to dismiss

16  despite being forewarned of the possible consequences of his failure to do so.

17  I.  Exhaustion of State Court Remedies

18       State courts must be given the first opportunity to consider and address a state prisoner's

19  habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy,

20  455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners

21  have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before

22  seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This

23  so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity

24  to consider allegations of legal error' before a federal habeas court may review a prisoner's

25  claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  Generally speaking, a federal

26  court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant

27  has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  The

28  /////

                                                    2

1  exhaustion requirement will not be deemed to have been waived unless the state, through counsel,

2  expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

3          A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state

4  court all federal claims before presenting those claims for relief to the federal court.  See Baldwin

5  v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor,

6  404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).  A federal

7  claim is fairly presented if the petitioner has described the operative facts and the federal legal

8  theory upon which his claim is based.  See Wooten, 540 F.3d at 1025 ("Fair presentation requires

9  that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted

10  constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same)

11  (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),

12  overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.

13  Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20

14  F.3d 1469, 1473 (9th Cir. 1994).

15  II.  Discussion

16          In this case, petitioner appealed his conviction to the California Court of Appeal for the

17  Third Appellate District, and that court affirmed the judgment of conviction.  (Pet. Attach.,

18  Resp't's Lodged Doc. 3.)  However, according to the California Supreme Court website, to date,

19  petitioner has not filed any appeals or petitions for writ of habeas corpus challenging his Yolo

20  County Superior Court conviction before that court.  Thus, petitioner has not fairly presented any

21  of his federal habeas corpus claims to the California Supreme Court as required.  Further,

22  petitioner has not alleged that state court remedies are no longer available to him.  Accordingly,

23  petitioner's federal habeas corpus claims are unexhausted and should be dismissed without

24  prejudice.

**CONCLUSION**

25

26          Accordingly, IT IS HEREBY RECOMMENDED that:

27          1.  Respondent's motion to dismiss for failure to exhaust state court remedies (Doc. No.

28  12) be granted;

3

1    2.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed without

2    prejudice; and

3    3.  This action be closed.

4    These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9    objections shall be filed and served within seven days after service of the objections.  The parties

10   are advised that failure to file objections within the specified time may waive the right to appeal

11   the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   In any objections he elects to file, petitioner may address whether a certificate of

13   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

14   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

15   certificate of appealability when it enters a final order adverse to the applicant).

16   Dated:  March 18, 2015

17

18                                              _____
                                                DALE A. DROZD
19   DAD:9                                      UNITED STATES MAGISTRATE JUDGE
     will0756.157
20

21

22

23

24

25

26

27

28

4